UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARDEN CITY, INC., et al.,<br><br>                Plaintiffs,<br><br>  v.<br><br>CITY OF SAN JOSE, et. al.,<br><br>               Defendants. | Case No.: 5:13-cv-00577-PSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING-IN-PART DEFENDANTS' MOTION TO DISMISS OR STRIKE PORTIONS OF THE COMPLAINT AND TO ABSTAIN OR STAY THE PROCEEDINGS.**<br><br>**(Re: Docket Nos. 33, 35, 36)** |

        Defendants City of San Jose, et al. ("Defendants") request leave from the court to file a motion to reconsider the court's order of September 5, 2013 – Order Granting-in-Part Defendants' Motion to Dismiss or Strike Portions of the Complaint and to Abstain or Stay the Proceedings.[1] Having considered the papers, the court DENIES Defendants' request.

---

[1] *See* Docket No. 33.

1

Case No.: 5:13-cv-00577-PSG
ORDER

# I. BACKGROUND

The September 5 order addressed a variety of Defendants' objections to the complaint in this case.[2] To accommodate the breadth of the objections, the court granted the parties leave to exceed the page limits under the court's local rules.[3] After the court granted-in-part and denied-in-part the motion, it granted Plaintiffs leave to amend its complaint by September 30, 2013. On September 20, 2013, Defendants filed the current motion.[4]

Defendants highlight two issues from the court's prior order that they believe warrant reconsideration. First, Defendants challenge the court's res judicata ruling, because (1) the court improperly conflated the primary right at issue with the remedy sought and (2) "overlooked the distinction" that California law makes "in ruling on the res judicata defense between petitions for writ of mandate that were granted and those that were denied."[5] Second, Defendants challenge the court's decision not to abstain in light of proceedings now pending in the state court. Defendants point out that the court erroneously compared the present federal lawsuit to the adjudicated state case and not the pending state case that more directly raises due process violations under the California state constitution. The court addresses each of these issues in turn.

# II. LEGAL STANDARD

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

---

[2] *See* Docket No. 17. Specifically, Defendants objected to the merits of Plaintiffs' procedural and substantive due process claims as well as Defendants' class-of-one equal protection claim. Defendants also claimed that Plaintiffs' complaint was barred on standing, res judicata, statute of limitations, conflict of interest, and immunity grounds. Defendants' additionally argued that one of the Defendants, Richard Teng, could not be liable for punitive damages and asked the court to abstain from hearing the case because of a pending state court proceeding. Finally, Defendants asked the court to strike portions of the complaint. *See* Docket No. 17.

[3] *See* Docket Nos. 16 and 23.

[4] The court stayed the deadline for Plaintiffs' to file an amended complaint in light of Defendants' motion for reconsideration. *See* Docket No. 36.

[5] *See* Docket No. 35 at 2.

2

Case No.: 5:13-cv-00577-PSG
ORDER

conservation of judicial resources."[6] Civ. L.R. 7-9(b) requires that to obtain leave to file a motion for reconsideration, the moving party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

"Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[7] "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[8] Here, Defendants appear to seek leave to move for reconsideration based on their belief that the court committed clear error through a manifest failure by the court to consider material facts or dispositive legal arguments.

### III. ANALYSIS

In addressing Defendants' present arguments, the court presumes familiarity with the court's September 5 order.

**A.    Res Judicata**

Under California law, for res judicata to apply, three elements must be present: (1) a "claim or issue raised in the present action" must be "identical to a claim or issue litigated in a prior proceeding," (2) the prior proceeding must have "resulted in a final judgment on the merits," and

---

[6] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations and citations omitted).

[7] *Id.*

[8] *Id.*

3
Case No.: 5:13-cv-00577-PSG
ORDER

(3) "the party against whom the doctrine is being asserted" must have been "in privity with a party to the prior proceeding."[9]

First, Defendants argue that in finding the claims at issue in the two cases were not identical because they focus on different harms, the court manifestly "did not consider that mandamus and damages are forms of relief and not forms of harm for purposes of res judicata. The order mistakes the remedy sought in the state case—a writ of mandamus—for alleged harm."[10] This assertion, however, ignores that both the form of relief and the form of harm alleged are not the same. The harm underlying the state mandamus petition was Defendants' alleged failure to rule on the landowner license and the cardroom permit amendment as required by the gaming ordinance. In contrast, the federal complaint alleges that Plaintiffs were harmed not only by Defendants' belated consideration of their cardroom permit amendment, but also by the ultimate denial. Thus, the harm at issue in this case is a superset of those at issue in the state action.

Second, Defendants argue that under California law, the prior proceeding did result in a final judgment on the merits. The Ninth Circuit, however, has explicitly and repeatedly held that California's res judicata doctrine does not apply claim preclusion to mandamus proceedings.[11] This district itself has applied this holding on multiple occasions.[12] While Defendants argue that mandamus proceedings still may trigger res judicata where mandamus was denied, the Ninth

---

[9] *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010).

[10] *See* Docket No. 35 at 3.

[11] *See Honey v. Distelrath*, 195 F.3d 531 (9th Cir. 1999) (holding that mandamus actions cannot bar subsequent Section 1983 claims); *Weinberg v. Whatcom County*, 241 F.3d 746 (9th Cir. 2001) (citing *Honey* with approval and finding that a mandamus action cannot be the basis of a later claim preclusion bar).

[12] *See Grant v. California Bd. of Parole Hearings*, Case No. 4:10-cv-02817-PJH-PR, 2012 WL 710470, at *3 (N.D. Cal. Mar. 5, 2012) (mandamus actions do not claim preclusion); *Yaqub*, 2005 WL 588555, at *4 (same); *Plato.C.LLC v. City of San Jose*, Case No. 5:05-cv-01682-HRL, 2005 WL 1889312, at *5 (N.D. Cal. Aug. 9, 2005) (mandamus actions are special proceedings that do not bar subsequent Section 1983 claims); *Embury v. King*, 191 F. Supp. 2d 1071, 1084 (N.D. Cal. 2001) (mandamus proceedings are not deserving of preclusive effect, in part, because of the limited nature of the proceedings).

4
Case No.: 5:13-cv-00577-PSG
ORDER

Circuit has never recognized such a distinction in the California case law on the subject, and the court is bound by those decisions.

**B.     Abstention**

"As a general rule, a federal court has a 'virtually unflagging obligation' to adjudicate controversies properly before it."[13] In general, "a pending action in state court is generally 'no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'"[14] "Against this backdrop, the Supreme Court has carved out an extraordinary and narrow exception" that "a federal court may not interfere with a pending state criminal prosecution absent extraordinary circumstances."[15] *Younger* abstention has "been extended to limited classes of civil proceedings."[16] In the Ninth Circuit, "abstention is required" if four requirements are met: state court proceedings must be (1) "ongoing," (2) "implicate important state interests," (3) "provide an adequate opportunity to raise federal questions," and (4) the federal court action must "enjoin the proceeding or have the practical effect of doing so."[17] "All four elements must be satisfied to warrant abstention."[18]

Defendants argue that the court erroneously compared the present lawsuit to the prior adjudicated state case and not the more recently filed state court action. This is a fair criticism. But even comparing the federal action with the pending state court action the court is not convinced that abstention is required in this case given the Ninth Circuit's guidance in *Montclair*

---

[13] *Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1166 (9th Cir. 2013) (citing *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988)).

[14] *Logan*, 722 F.3d at 1166 (citing *New Orleans Pub. Serv. Inc. v. Council of New Orleans*, 491 U.S. 350, 373 (1989)).

[15] *Logan*, 722 F.3d at 1166-67 (internal quotations and citations omitted).

[16] *Id.* at 1167.

[17] *Portrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 882 (9th Cir. 2011) (internal quotations omitted).

[18] *Logan*, 722 F.3d at 1167.

5
Case No.: 5:13-cv-00577-PSG
ORDER

*Parkowners Association v. City of Montclair*.[19] In that case, an association of mobile home park owners "filed parallel affirmative litigation in both federal and state" court alleging that city rent-control ordinance constituted an unconstitutional taking under both the California and U.S. constitutions.[20] The Ninth Circuit held that the "the mere pendency of a parallel state court proceeding challenging the City's rent control ordinance is insufficient to trigger Younger abstention."[21] The court found it significant that the association did not request "the federal court to enjoin on-going state court proceedings" and did not seek "any other relief that would interfere with its state court action within the meaning of *Younger* and its progeny."[22]

In this case, Plaintiffs have not moved the court to interfere with the state court action. The Defendants have not explained, and the court cannot foresee, how the nature of this suit would interfere or disrupt state court proceedings.

At bottom, the court finds that abstention is not warranted in this case.

In the light of this order denying reconsideration, the stay entered on September 27, 2013, is lifted.[23] Any amended complaint shall be filed no later than October 17, 2013.

IT IS SO ORDERED.

Dated: October 3, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[19] *See Montclair Parkowners Ass'n v. City of Montclair*, 264 F.3d 829, 831 (9th Cir. 2001).

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *See* Docket No. 36.

6
Case No.: 5:13-cv-00577-PSG
ORDER