1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARDEN CITY, INC., | Case No. 5:13-cv-00577-PSG |
| Plaintiff, | **ORDER DENYING STAY** |
| v. | **(Re: Docket No. 71)** |
| CITY OF SAN JOSE, et. al., | |
| Defendants. | |

Before the court is Plaintiff Garden City's request that the court stay the proceedings until May 25, 2014.[1]  Defendants the City of San Jose, the San Jose Police Department and Richard Teng oppose.  The court finds this motion suitable for disposition on the papers pursuant to the local rules.[2]  Because the parties are well-versed in this dispute with parallel litigation on several fronts, the court turns immediately to the motion before it.[3]

---

[1] *See* Docket No. 71.

[2] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

[3] Unfamiliar readers are directed to the court's prior orders addressing the parties' Rule 12 and 56 motions.  *See* Docket Nos. 33 and 66.

1

Case No. 5:13-cv-00577-PSG
ORDER DENYING STAY

United States District Court
For the Northern District of California

# I. LEGAL STANDARDS

Whether to issue a stay is "an exercise of judicial discretion" to be "guided by sound legal principles."[4]  "Petitioners do not have an absolute right to a stay 'even if irreparable injury might otherwise result;' instead, the propriety of granting a stay depends on the circumstances of each case."[5]  In exercising its discretion, the court must balance "the competing interests which will be affected by the granting or refusal to grant a stay."[6]  "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[7]  The Ninth Circuit has indicated that "while it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings."[8]  "The proponent of a stay bears the burden of establishing its need."[9]

# II. DISCUSSION

Garden City justifies its request to stay the case because recent legislative directives by the San Jose City Council may "largely" resolve this dispute.[10]  Specifically, on January 28, 2014, the

---

[4] *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted).

[5] *Belinda K. v. Cnty. of Alameda*, Case No. 5:10-cv-05797-LHK, 2012 WL 273720, at *1 (N.D. Cal. Jan. 30, 2012) (quoting *Nken*, 556 U.S. at 427); *see also Virginian Ry. Co. v. United States*, 272 U.S. 658, 672-673 (1926) ("A stay is not a matter of right, even if irreparable injury might otherwise result to the appellant.  It is an exercise of judicial discretion. The propriety of its issue is dependent upon the circumstances of the particular case.") (citation omitted).

[6] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir.2005) (quoting *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

[7] *Id.* (quoting *CMAX*, 300 F.2d at 268).

[8] *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir.2007).

[9] *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

[10] Docket No. 71 at 1.

Case No. 5:13-cv-00577-PSG
ORDER DENYING STAY

San Jose City Council directed the City Manager to transfer "the permitting process for key and non-key employees to the State," incorporate "due process protection in Title 16" through various means, "work with the Chief of Police to create a process that would allow for alternate level cardroom gaming" and continue "the efforts to completely civilianize the Division of Gaming Control."[11]  The City Manager and City Attorney were directed to implement these directives by May 1, 2014.[12]

Defendants most strongly oppose the stay because they want this case to get to trial so that Teng and the municipal co-defendants can "adjudicate the baseless charges" against them consistent with court's schedule.[13]

Garden City has not met its burden that it is likely to suffer any hardship "in being required to go forward," let alone the requisite "clear case of hardship or inequity" contemplated by the Supreme Court.[14]  Although a global settlement would surely simplify this case – and the court is heartened that the parties might soon get there – past experience informs the undersigned that the most effective way for the court to support the parties' settlement efforts is to keep the case on course.  Garden City's motion is DENIED.

**IT IS SO ORDERED.**

Dated: April 2, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[11] Docket No. 74-2, Ex. E at 13.

[12] *See id.*

[13] Docket No. 76 at 2.

[14] *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

3

Case No. 5:13-cv-00577-PSG
ORDER DENYING STAY

United States District Court
For the Northern District of California